**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**GENE DESHAWN M. WATKINS**                                                                 **PLAINTIFF**

v.                                                           **CIVIL ACTION NO. 3:16-CV-489-TBR**

**WHAS 11**                                                                                       **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Gene DeShawn M. Watkins filed this *pro se* action. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

### I. SUMMARY OF COMPLAINT

On August 1, 2016, Plaintiff filed a 42 U.S.C. § 1983 complaint form (DN 1). In the caption of this complaint form, he identifies WHAS 11, a local news station, as the Defendant. In the body of this form, Plaintiff states: "This has caused me mental and emotional stress I askin for moneitary relief of 10 bil dollars 10 yrs of mental and emotional stress plus gross nelgance and professional neglect."

On August 4, 2016, Plaintiff filed what the Court construes as an amended complaint on a general civil complaint form (DN 6). On this form, he states that the federal statutes that are at issue in this case are "professional neglect" and "gross neglance." He states that the amount in controversy is "more than 75 K due to racial Discrimination done by the Feds I came up w/ the cure for cancer and STD's and the reason y I didn't file a patent is cuz my mom house is bugged by the feds and it leaked to local news stations in Louisville."

In the "Statement of Claim" section of this amended complaint, he writes as follows:

> My mom house is bugged and I came up w/ inventions in my house fear that my inventions be stolen I email my ideas to ABC cuz the feds was leakin out gov equipment that gov equipment was bugs placed in my mom's house by the feds and that equipment go to News reporters to evidence I emailed my ideas to ABC a horse run Quarter sprint Quarter jog Quarter sprint Quarter jog the feds was readin everyone of my Emails to ABC I am a indentured servant it been over 10 years of me bein watched by the feds the reason y I didn't file patents cuz when I found out I was being bugged by the feds it was to late my Ideas was out there to local news stations I talkin Qutillions of more and better of money stolen from me my sister was murdered and I am successful for over a decade I been successful I want the truth . . ."

In the "Relief" section of the amended complaint, Plaintiff states that he is seeking: "moneitary relief 10 bil dollars mental and emotional stress."

## II. ANALYSIS

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  However, this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  In other words,

"a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. A complaint does not suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard required by Rule 8(a)(2). Plaintiff's complaint is devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendant is liable for any alleged misconduct. Plaintiff's allegations are rambling and difficult to understand. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). As previously stated, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d at 1169. To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, this action must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  The allegations in Plaintiff's complaint meet this standard.  The instant action must, therefore, also be dismissed for lack of subject-matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction under Rule 12(b)(1) in accordance with *Apple v. Glenn*.  The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.011